```
              F I L E D
        CLERK, U.S. DISTRICT COURT

            4/16/2025

      CENTRAL DISTRICT OF CALIFORNIA
      BY: _____ASI_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:25-cr-00291-FMO |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 501: Creation, Use, and Possession with Intent to Use Counterfeit and Fraudulent Postage Meter Stamps; 18 U.S.C. §§ 492, 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JUAN YANG, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

A.    The United States Postal Service and Postage Systems

1.    The United States Postal Service ("USPS"), an agency of the United States, provided customers a variety of services in connection with the delivery of mail, including letters and parcels. All pieces of mail accepted for delivery by USPS were required to bear appropriate and valid postage purchased by the sender. Proof of payment of the required postage could be established in various ways

including by affixing stamps, postage meter imprints, personal computer ("PC") postage products and shipping labels purchased online and printed by the customer.

2.    Some forms of postage allowed the customer to print their own proof of payment.  Depending on the postage type, customers could print the proof of payment directly on the mail parcel, or they could print a label that they then affix to the mail parcel.  PC postage, ePostage, eVS postage, and USPSSHIP shipping labels products were all examples of customer-printed postage.

3.    Customer-printed postage generally included two types of information relevant to the amount of postage: (1) human-readable postage information detailing the type of postage product, for example, the date the postage was purchased, the originating zip code, the weight of the package, the shipping distance, and designations like "First Class Mail"; and (2) machine-readable postage information (also called "information-based indicia" or "IBI"), which included digitally coded information, barcodes and a USPS approved symbol with a digital signature.  Among other things, the IBI embedded in the coded section of a postage label showed whether the mailer had paid the appropriate amount of postage for the item to be mailed, given the item's designated class of mail.

4.    When determining whether postage was counterfeit, USPS personnel and fraud analysts could examine whether any of the unique human-readable or machine-readable identifiers on the postage labels were either invalid or inconsistent with other information on the shipping label.  In particular, the presence of invalid account numbers was an indicator of postage fraud.

B.    Defendant JUAN YANG

5.    Defendant JUAN YANG ("YANG") is a Chinese national and resident.

6.    At the relevant times, Defendant YANG owned and managed Hongyi Logistics Inc. ("Hongyi Logistics"), a third-party logistics fulfillment company registered in California, and based in Los Angeles County.

7.    Defendant YANG operated Hongyi Logistics through warehouses located at 17411 E Gale Ave., City of Industry, California ("East Gale Warehouse"), 6135 District Blvd., Maywood, California, 18245 Rowland St. Dock 5&6 City of Industry, California, and elsewhere.

8.    Hongyi Logistics's clients were primarily eCommerce vendors based in China.  These eCommerce clients sold low-priced goods to U.S.-based customers through online platforms, including Temu.

9.    Hongyi Logistics would receive clients' parcels imported from China.  At Hongyi Logistics' warehouses, defendant YANG's employees would prepare the parcels for shipment within the United States.  Hongyi Logistics' employees would affix customer-printed shipping labels to these packages and deliver the packages to USPS facilities to be shipped to customers throughout the United States.

10.   These Introductory Allegations are incorporated by reference into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

A.    OBJECTS OF THE CONSPIRACY

11.    Beginning no later than in or about July 2024, and continuing until at least in or about April 3, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant JUAN YANG ("YANG") knowingly conspired and agreed with others known and unknown to the Grand Jury to knowingly, willfully, and intentionally commit offenses against the United States, namely, the use of and possession with the intent to use counterfeit and fraudulent postage meter stamps, in violation of Title 18, United States Code Section 501, and to knowingly defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of a department or agency of the United States; to wit, the United States Postal Service ("USPS") in the ascertainment and collection of postal revenues, namely, postage fees on packages shipped by defendant YANG within the United States.

B.    THE MANNER AND MEANS OF THE CONSPIRACY

12.    The objects of the conspiracy were to be accomplished, in substance, as follows:

a.    To evade the required payment of the cost of postage and deceive USPS personnel, defendant YANG would obtain parcels and mail matter with counterfeit customer-printed postage from clients and customers.  YANG would cause the fraudulently-labeled parcels to be delivered to USPS post offices facilities for mailing in exchange for payments.

b.    Defendant YANG would also cause her employees and others to affix counterfeit customer-printed postage to mail matter.

1  Defendant YANG would cause her employees and others to present the

2  fraudulently-labeled parcels to USPS for delivery.  The counterfeit

3  postage used by defendant YANG took two forms: (1) postage labels

4  with altered human-readable information ("altered postage labels");

5  and (2) postage labels with IBI copied from previously mailed

6  packages ("duplicated postage labels").

7          c.    Defendant YANG would obtain altered postage labels

8  from individuals in China that used false third-party postage vendor

9  and mailer ID information.  Defendant YANG would obtain duplicated

10 postage labels containing IBI copied from postage shipping labels

11 purchased for previous mailings, thereby avoiding the need to pay for

12 the postage shown on the duplicated label.

13         d.    Defendant YANG would cause her employees to affix the

14 altered postage labels and duplicated postage labels to parcels,

15 thereby falsely representing that she had paid for the postage.

16    13.  Through this scheme, from on or about July 2024 to on or

17 about March 28, 2025, defendant YANG shipped, or caused to be

18 shipped, approximately 191,131 parcels with fraudulent postage meter

19 stamps, resulting in approximately $2,464,669.60 in postage payment

20 losses to the United States.

21 C.   OVERT ACTS

22    14.  On or about the following dates, in furtherance of the

23 conspiracy, and to accomplish its object, defendant YANG, together

24 with others known and unknown to the Grand Jury, committed various

25 overt acts within the Central District of California, and elsewhere,

26 including, but not limited to, the following:

27

28

<u>Overt Act No. 1:</u>   On October 31, 2024, YANG signed a rental agreement with ZET Travel & Trade to rent the East Gale Warehouse on behalf of Hongyi Logistics.

<u>Overt Act No. 2:</u>   On or about November 1, 2024, YANG paid ZET Travel & Trade $13,500 as a deposit and monthly rent for the East Gale Warehouse.

<u>Overt Act No. 3:</u>   On November 24, 2024, in sum and substance, YANG informed a Hongyi Logistics employee about a specific post office that YANG believed had lower security for mailing parcels with counterfeit postage labels.

<u>Overt Act No. 4:</u>   On November 26, 2024, in sum and substance, YANG discussed with a Hongyi Logistics employee strategies for mailing parcels bearing counterfeit postage labels with USPS, including security measures at USPS facilities, parcel sizes that avoid detection, and obtaining counterfeit postage labels that can pass inspection.  This discussion occurred on the same day that Hongyi Logistics delivered approximately 2,000 parcels bearing counterfeit USPS postage meter stamps from the East Gale Warehouse to the USPS facility located in City of Industry, California.

<u>Overt Act No. 5:</u>   On December 5, 2024, in sum and substance, YANG instructed a Hongyi Logistics employee to review Xiaohongshu, a social networking app known in the United States as RedNote, for methods of delivering mail directly to USPS processing machines, thereby bypassing USPS security checks.

<u>Overt Act No. 6:</u>   On December 5, 2024, in sum and substance, YANG authorized a Hongyi Logistics employee to use legitimate USPS postage labels to place on the outside of pallets containing counterfeit postage labels to avoid USPS detection.

1    <u>Overt Act No. 7:</u>    On or about December 9, 2024, YANG paid ZET

2    Travel & Trade $4,500 as monthly rent for the East Gale Warehouse.

3    <u>Overt Act No. 8:</u>    On December 9, 2024, in sum and substance,

4    YANG advised a Hongyi Logistics employee not to retrieve parcels with

5    fraudulent mailing labels Hongyi Logistics had previously tried to

6    deliver, because they had been detected and detained by USPS, and

7    YANG suggested claiming the parcels would be admitting responsibility

8    for them.

9    <u>Overt Act No. 9:</u>    On December 11, 2024, in sum and substance,

10   YANG advised a Hongyi Logistics Inc. employee to delete copies of the

11   employee's WeChat messages with YANG.  This instruction came on the

12   same day that Hongyi Logistics delivered approximately 1,670 parcels

13   bearing counterfeit USPS postage meter stamps from the East Gale

14   Warehouse to the USPS facility located in City of Industry,

15   California.

```
 1                              COUNT TWO

 2                        [18 U.S.C. §§ 501, 2(b)]

 3        15.  Beginning no later than in or about July 2024, and

 4   continuing to on or about April 3, 2025, in Los Angeles County,

 5   within the Central District of California, and elsewhere, defendant

 6   JUAN YANG knowingly and willfully caused to be made, printed, and

 7   used, and knowingly and willfully caused to be possessed with the

 8   intent to use, forged and counterfeited United States Postal Service

 9   ("USPS") postage meter stamps.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

1                          FORFEITURE ALLEGATION ONE

2                  [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3         1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 981(a)(1)(C) and Title 28, United States

7    Code, Section 2461(c), in the event of the defendant's conviction of

8    the offenses set forth in Count One of this Indictment.

9         2.   The defendant, if so convicted, shall forfeit to the United

10   States of America the following:

11             (a)   all right, title, and interest in any and all

12   property, real or personal, constituting, or derived from, any

13   proceeds traceable to the offenses; and

14             (b)   To the extent such property is not available for

15   forfeiture, a sum of money equal to the total value of the property

16   described in subparagraph (a).

17        3.   Pursuant to Title 21, United States Code, Section 853(p),

18   as incorporated by Title 28, United States Code, Section 2461(c), any

19   defendant so convicted shall forfeit substitute property, up to the

20   value of the property described in the preceding paragraph if, as the

21   result of any act or omission of said defendant, the property

22   described in the preceding paragraph or any portion thereof (a)

23   cannot be located upon the exercise of due diligence; (b) has been

24   transferred, sold to, or deposited with a third party; (c) has been

25   placed beyond the jurisdiction of the court; (d) has been

26   substantially diminished in value; or (e) has been commingled with

27   other property that cannot be divided without difficulty.

28

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. §§ 492 and 982(a)(2)(B), and 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Sections 492 and 982(a)(2)(B), and Title 28,

7   United States Code, Section 2461(c), in the event of the defendant's

8   conviction of any of Counts One through Two set forth in this

9   Indictment.

10      2.    The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12          (a)  All right, title and interest in any and all property,

13  real or personal, constituting, or derived from, any proceeds,

14  obtained directly or indirectly, as the result of the offense;

15          (b)  To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18      3.    Pursuant to Title 21, United States Code, Section 853(p), as

19  incorporated by Title 18, United States Code, Section 982(b), the

20  defendant, if so convicted, shall forfeit substitute property, up to

21  the total value of the property described in the preceding paragraph

22  if, as the result of any act or omission of the defendant, the

23  property described in the preceding paragraph, or any portion

24  thereof: (a) cannot be located upon the exercise of due diligence;

25  (b) has been transferred, sold to or deposited with a third party;

26  //

27  //

28

10

1    (c) has been placed beyond the jurisdiction of the court; (d) has

2    been substantially diminished in value; or (e) has been commingled

3    with other property that cannot be divided without difficulty.

4

5

6                                        A TRUE BILL

7

8                                        /S/
                                         Foreperson

9

10   BILAL A. ESSAYLI
     United States Attorney

11   LINDSEY GREER DOTSON
     Assistant United States Attorney
12   Chief, Criminal Division

13

14

15   FRANCES S. LEWIS
     Assistant United States Attorney
16   Chief, General Crimes Section

17   SHAWN T. ANDREWS
     Assistant United States Attorney
18   Deputy Chief, General Crimes
     Section

19   DIANE ROLDÁN
     Assistant United States Attorney
20   General Crimes Section

21

22

23

24

25

26

27

28

                                      11